UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY LEATHERMAN,
       Petitioner,

                                 No. 4:06-cv-121

-v-

                                 HONORABLE PAUL L. MALONEY
                                 HONORABLE JOSEPH G. SCOVILLE

CARMEN D. PALMER,
          Respondent.

FINAL ORDER ACCEPTING REPORT AND RECOMMENDATION OVER OBJECTIONS
AND CONDITIONALLY GRANTING PETITIONER'S WRIT OF HABEAS CORPUS

       Petitioner Leatherman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2245. This matter comes before the Court on a Report and Recommendation (Dkt. No. 23) issued by the Magistrate Judge Joseph G. Scoville and Respondent Palmer's objections (Dkt. No. 24).   In his petition for writ of habeas relief, Petitioner Leatherman asserts two grounds, the first of which alleges his constitutional right to effective assistance of counsel was violated when trial counsel failed to properly advise him of a plea offer.   The Magistrate Judge recommends issuing a conditional writ of habeas corpus on the first ground in the petition.   Respondent Palmer objects. For the reasons outlined below, Respondent's objections are OVERRULED.

STANDARD OF REVIEW

       After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

Respondent Palmer objects to one conclusion in the Report and Recommendation (R&R). Specifically, Respondent asserts Petitioner failed to establish a reasonable probability that, but for counsel's failure to advise him properly of the nature of the plea offer, Petitioner would have accepted the offer. As evidence, Respondent points to two excerpts from Petitioner's *Ginther*[1] hearing. Respondent argues those excerpts show Petitioner would not have accepted any plea that would not guarantee probation and allow him to be home with his family. (Objection at 3-4.) Respondent further argues Petitioner's testimony lacks credibility. (*Id.* at 3.) Respondent disagrees with the Magistrate Judge's interpretation of the two "objective factors" outlined in the R&R. (*Id.* at 5-6.) Finally, Respondent argues there is evidence in the record the trial judge would not have

---

[1]*People v Ginther*, 212 N.W.2d 922 (Mich 1973).

accepted the plea.[2]

As related to the specific objection, the Court has reviewed de novo the claims and evidence presented to the Magistrate Judge. The Court finds the Report and Recommendation factually sound and legally correct. Respondent does not object to any of the legal framework outlined in the Report and Recommendation, except to express some disagreement with the Magistrate Judge's application of *Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003). (Objection at 5.) Respondent does disagree with the Magistrate Judge's interpretation of the factual record.

The R&R offers no less than four citations to Sixth Circuit Court of Appeals' opinions establishing that a substantial disparity between the plea offered by the government and the punishment called for by the indictment, or the penalty imposed, is sufficient to establish a reasonable probability that a properly informed and advised defendant would have accepted the prosecution's offer. (R&R at 29-30.) *See United States v. Morris,* 470 F.3d 596, 602 (6th Cir. 2006); *Griffin*, 330 F.3d at 737-738; *Dudvukovic v. Martin*, 36. F.App'x 795, 798 (6th Cir. 2002); *Magana v. Hofbauer*, 263 F.3d 542, 551-552 (6th Cir. 2001). *See also Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003) (same and citing *Magana*, *United States v. Day*, 969 F2d 36 (3d Cir. 1992), and *United States v. Gordon*, 156 F.3d 376, 377-381 (2d Cir. 1998)). The Magistrate Judge noted the "gross disparity" (R&R at 30) between the recommended sentence offered in the plea (probation including up to one year of jail time) and the maximum penalty Petitioner faced as a

---

[2]Petitioner filed a response (Dkt. No. 25) to Respondent's objections asserting the objections were not timely. Petitioner included a section in support of the conclusion that he was prejudiced by trial counsel's failure to advise him of the plea offer. Respondent filed a response (Dkt. No. 26) to Petitioner's response explaining why the objections were not untimely. Respondent included this argument, that the trial judge would not have accepted the plea, in the response. Petitioner has since conceded Respondent's objection was timely. (Dkt. No. 27.)

3

result of the indictment (life).  The Magistrate Judge further noted the disparity between the sentence cap of one year if accepted by the Judge, and the sentence imposed (7 to 12 years) was also significant.  (R&R at 30.)  Respondent argues the Sixth Circuit has not held that the disparity is a relevant factor when there is evidence in the record that a petitioner "would specifically not accept the plea because one of its terms (here, the possibility of incarceration) was expressly opposed by the petitioner."  (Objection at 5.)  Respondent's argument overlooks the reasoning behind the legal principle.  A defendant must be afforded the opportunity of making an *informed* decision between the plea and the possibility of a much greater sentence. Petitioner's trial counsel failed to provide effective assistance when he neglected to explain the terms of the plea offer.  Given the disparity between the possible sentence and the plea offer, this factor weighs heavily in Petitioner's favor.

In addition, Respondent's characterization of the record is artful.  The Magistrate Judge characterized the characterization as "a significant distortion of petitioner's testimony."  (R&R at 31.)  At best, Petitioner's statements at the *Ginther* hearing are ambiguous.  Petitioner clearly and unequivocally states he would have taken the plea offer.  (Hearing Transcript at 105, 108.) Respondent questions the credibility of Petitioner's assertion.  Respondent focuses on Petitioner's answer to the follow up question.  When asked why he would have accepted the offer, Petitioner stated he was "scared to death," he " would have been home" and he "could not even take the chance of being separated from my family."  (*Id.* at 105.)  Devoid of context, one could interpret Petitioner as stating he would not have accepted any plea that involved incarceration.  However, those statements were made when explaining why he would have *accepted* the plea.  The statements must be interpreted in that context. Accordingly, Petitioner's statement does not conclusively establish he would have refused the plea offer.

Respondent's other assertion, that the trial judge would not have accepted the plea, does not undermine the conclusion there is a reasonable probability that, but for trial counsel's ineffectiveness, Petitioner would have accepted the plea. Respondent argues this evidence establishes Petitioner was not prejudiced by counsel's failure to explain the plea. Respondent provides no legal authority in support of this assertion. There is, however, legal authority for the opposite conclusion. The Second Circuit rejected a similar argument where the state trial court had stated that the defendant could not presume the court would have accepted a hypothetical plea agreement more favorable than the one offered. *Mask v. McGinnis*, 233 F.3d 132, 142 (2d Cir. 2000). Pointing to the standards outlined by the Supreme Court, the Second Circuit concluded it need not determine whether the trial court would have accepted the plea in order to find prejudice due to ineffective assistance of counsel. *Id.* (citing Hill *v. Lockhart*, 474 U.S. 52, 59 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984)).

## CONCLUSION

For the reasons outlined above, the Report and Recommendation (Dkt. No. 23) is **ACCEPTED** as the opinion of this Court, over objections. A court has broad discretion to condition a judgment granting habeas corpus relief and may dispose of habeas cases as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Respondent has not objected to the recommended disposition of the action outlined in the R&R. Accordingly, a writ of habeas corpus is **CONDITIONALLY GRANTED** consistent with the recommended disposition outlined in the Report and Recommendation. **IT IS SO ORDERED.**

Date:   October 16, 2008                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief, United States District Judge

5