UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRADLEY LEATHERMAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:06-cv-121 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CARMEN D. PALMER, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. On October 16, 2008, this court entered judgment in favor of petitioner, granting him a conditional writ of habeas corpus. The court's final judgment came after its *de novo* review of objections by respondent to the report and recommendation of the magistrate judge, who concluded that petitioner had been deprived of his Sixth Amendment right to effective assistance of counsel by his trial attorney's failure to convey a favorable plea offer to petitioner at the time of the state preliminary examination. The matter is now before the court on the motion of the respondent warden for a stay pending appeal. (docket # 30). Petitioner opposes the motion and has filed his own motion for immediate release from custody. (docket # 32). For the reasons set forth below, both motions will be denied.

**Procedural History**

Petitioner is serving a sentence of 85-to-480 months on one count of first-degree criminal sexual conduct and two concurrent terms of 60-to-180 months for second-degree criminal sexual conduct. These sentences were imposed by the Barry County Circuit Court on October 14, 2003, after a jury convicted petitioner of these charges, which arose from allegations that he molested his eight-year-old niece. Petitioner, represented by new counsel, moved for a new trial and sought an evidentiary hearing pursuant to *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973). The *Ginther* hearing disclosed that the prosecutor had tendered to defense counsel a proposed plea agreement, pursuant to which petitioner would be allowed to plead *nolo contendere* to second-degree criminal sexual conduct, with a nonbinding recommendation by the prosecutor of a sentence of probation, including up to a twelve-month jail sentence. Petitioner would have had the right to withdraw his guilty plea if the sentencing court did not agree to the recommended disposition. The *Ginther* hearing further disclosed, beyond any doubt, that defense counsel failed to communicate this offer to petitioner and that the prosecutor was unwilling to enter into such an agreement thereafter. The trial judge nevertheless denied relief, finding that petitioner had not suffered prejudice as a result of this failing by defense counsel. Petitioner appealed to the Michigan Court of Appeals and the state Supreme Court without success.

Petitioner, through retained counsel, initiated this habeas corpus proceeding on October 4, 2006. By report and recommendation entered September 4, 2008, Magistrate Judge Joseph G. Scoville found in petitioner's favor on both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). First, the transcript of the *Ginther* hearing clearly established that a plea offer was made, that defense counsel did not fully articulate the prosecution's plea offer to petitioner, and that

defense counsel neither understood nor conveyed to petitioner that the prosecution was offering a sentence agreement with a probation cap. (Report and Recommendation ("R&R"), docket # 23, at 25). Defense counsel's performance was grossly deficient and fell below any reasonable standard of professional conduct. Second, the magistrate judge found that petitioner had shown a "reasonable probability" that but for counsel's error, the result of the proceedings would have been different. The report and recommendation determined that the contrary decision of the Michigan Court of Appeals was not entitled to deference under AEDPA because the appellate court had clearly applied a "preponderance of the evidence" standard, rather than the reasonable probability standard enunciated by the Supreme Court. (R&R at 26-28). The magistrate judge found that objective evidence established a reasonable probability that petitioner would have accepted the plea agreement had counsel properly advised him of its existence and nature. The magistrate judge therefore recommended that a conditional writ of habeas corpus be issued. Counsel for the respondent warden filed objections. The objections did not contest the finding that defense counsel's performance had been deficient, nor did the objections take issue with the form of relief recommended. Rather, respondent objected only to the prejudice analysis. Upon *de novo* review, this court determined that the proofs presented at the *Ginther* hearing, when analyzed under the appropriate "reasonable probability" standard, established prejudice. The court therefore ordered the issuance of a conditional writ.

Respondent filed a notice of appeal on November 13, 2008, accompanied by a motion to stay this court's order pending appeal. Counsel for petitioner opposed the motion for stay and filed his own motion for immediate release on bond.

**Legal Standard**

Federal Rule of Appellate Procedure 23 governs the parties' motions. "While a decision ordering the release of a prisoner is under review, the prisoner must -- unless the court or judge rendering the decision . . . orders otherwise -- be released on personal recognizance, with or without surety." FED. R. APP. P. 23(c). In *Hilton v. Braunskill*, the Supreme court held that Rule 23 "undoubtedly creates a presumption of release from custody." 481 U.S. 770, 774 (1987). This presumption, however, may be overcome in the court's discretion. *See Nash v. Eberlin*, 437 F.3d 519, 526 (6th Cir. 2006).

Under *Hilton*, the factors regulating the issuance of a stay are as follows:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

481 U.S. at 776. These factors, however, contemplate individualized judgments in each case so "the formula cannot be reduced to a set of rigid rules." *Id.* at 777. Along with these factors, the court can consider the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal, risk of flight absent a stay, and whether the prisoner's release absent a stay will pose a danger to the public. *Id.* The interest of the habeas petitioner in release pending appeal, while always substantial, is strongest where risk of flight, danger to the public, and the state's interest in continuing custody and rehabilitation is low. *See id.* at 777-78.

**Discussion**

**A.     Success on the Merits**

Respondent's arguments concerning the merits of an appeal mirror those reviewed and rejected by this court in response to objections to the report and recommendation. Respondent's principal assertion is that petitioner cannot establish that the state trial judge would have accepted the proffered plea agreement. As a consequence, respondent argues that petitioner cannot show that he was prejudiced. This court has already commented on the lack of legal authority supporting respondent's argument. (Opinion and Order, docket # 28, at 5). Neither the Supreme Court nor the Sixth Circuit has ever imposed upon a habeas petitioner the burden of proving what a state court trial judge might have done had petitioner entered a guilty plea. Rather, petitioner has the burden only of showing a "reasonable probability that [petitioner] would have accepted the plea offer if he knew about it." *Griffin v. United States*, 330 F.3d 733, 739 (6th Cir. 2003).

Furthermore, respondent completely ignores the fact that the remedy ordered by this court already anticipates the possibility that the state trial judge will reject the plea agreement. Respondent attempts to impose an impossible burden upon petitioner. No one can read the trial judge's mind or anticipate whether, when faced with the actual plea agreement, the trial judge will accept or reject it. For this reason, the court's conditional writ provides the following relief:

>     A.     All petitioner's convictions and sentences in this matter must be vacated.

>     B.     The Barry County prosecutor must offer to resolve all charges by allowing petitioner to plead *nolo contendere* to a charge of second-degree criminal sexual conduct, with a recommendation of probation, including the possibility of up to one year in jail as a condition thereof.

>    C.    Petitioner must be granted the opportunity to affirm or withdraw his plea of *nolo contendere* if the sentence actually imposed exceeds the recommended sentence, as required by Mich. Ct. R. 6.310(B)(2)(a).
>
>    D.    If petitioner elects to withdraw his *nolo contendere* plea because the trial court has rejected the sentencing recommendation, petitioner must receive a retrial on all charges.
>
>    E.    Petitioner must be released from custody within 120 days of the date of final judgment herein if the State of Michigan does not comply with the requirements of the conditional writ.

(R&R at 33-34). In other words, the conditional writ places the parties in the position they would have occupied had counsel faithfully and accurately presented the proposed plea agreement to petitioner at the time of the state-court preliminary examination. The conditional writ requires that the prosecutor offer to resolve all charges in accordance with the proffered plea agreement: a plea of *nolo contendere* to a charge of second-degree criminal sexual conduct with a recommendation of probation, including the possibility of up to one year in jail as a condition of probation. Presumably, petitioner will accept the offer. In that case, the state trial judge retains his full freedom to accept or reject the recommended sentence, just as he could have done five years ago. If the sentencing court declines to accept the plea bargain, state law requires that the court "state the sentence it intends to impose, and provide the defendant the opportunity to affirm or withdraw the plea." MICH. CT. R. 6.310(B)(2)(a); *see People v. Killibrew*, 330 N.W.2d 834 (Mich. 1982). At that point, petitioner will have the option of accepting the court's stated sentence or proceeding to a new trial. Or, under the guidance of the state circuit judge, the parties may resolve the matter on different terms in order to avoid the uncertainties that they both face.

In respondent's motion for stay, counsel utterly ignores the actual provisions of the court's conditional writ and appears to argue that the court ordered petitioner's immediate release.

To the contrary, the court's order merely restored the parties to the status quo that existed before defense counsel's breach of his Sixth Amendment duty. This court does not presume that the trial judge would have accepted the plea bargain in 2003, nor does this court have any authority to compel the trial judge to do so now. "Where, as here, a defendant receives a greater sentence than one contained in a plea offer that he would have accepted if not for the ineffective assistance of counsel, the properly tailored remedy is to give the defendant the opportunity to accept the offer, because simply retrying the petitioner without making the plea offer would not remedy the constitutional violation that led to the issuance of the writ." *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370-71 n.7 (6th Cir. 2006). Respondent has not advanced any cogent argument demonstrating a strong likelihood of success on appeal.

### B.     Irreparable Injury to Respondent

Respondent argues that citizens of the state would be irreparably injured in the absence of a stay and that general public safety concerns should be paramount. As an initial matter, the court notes that general public safety concerns have no bearing on this factor of the *Hilton* test and that citizens of the state are not considered the "applicant" for purposes of this factor -- the applicant is respondent. *See generally Hilton*, 481 U.S. at 776.

The court finds that respondent will not be irreparably injured absent a stay. In the absence of a stay, the state will merely be required to comply with the provisions of the conditional writ, by allowing petitioner to plead *nolo contendere* to second-degree criminal sexual conduct. If respondent is dissatisfied with the result of the renewed proceedings in the state court, and respondent is successful in the Sixth Circuit Court of Appeals, that court can merely reinstate the

original sentence. Respondent faces no legal prejudice to her position by complying with the conditional writ. Thus, the court finds that this factor also weighs in favor of petitioner.

### C. Substantial Injury to Petitioner

Respondent argues that petitioner will not be substantially injured by a stay. Respondent notes the court did not grant petitioner habeas relief based on actual innocence or insufficient proofs. As courts have found, the injury sustained by petitioner would obviously be very high if he is innocent and a stay operates to keep him in prison after the 120 days have passed for retrying him. *See, e.g., Taylor v. Withrow*, No. 00-cv-72292-DT, 2001 WL 902497, at * 3 (E.D. Mich. Aug. 2, 2001) (finding that "petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution"); *Harrison v. Ryan*, Civ. A. No. 87-7439, 1990 WL 45740, at * 2 (E.D. Pa. Apr. 12, 1990) (concluding that "the liberty interest of an improperly convicted prisoner is stronger than any injury that may be caused to the [State] in releasing petitioner from custody pending retrial"). Petitioner has already spent years more in custody than he would have under the plea agreement. It is nearly impossible to compensate for time lost in prison. Therefore the court finds that this factor also weighs in favor of petitioner.

### D. Public Interest

Respondent finally argues that the public interest would be harmed by the release of a man convicted of molesting a child. Again, respondent incorrectly assumes that this court ordered petitioner's immediate release. To the contrary, the court ordered that petitioner be allowed to plead *nolo contendere* to second-degree criminal sexual conduct. If the state court accepts the plea agreement, it will be in a position to protect the public by conditions of probation, pursuant to the

express terms of the plea agreement. Furthermore, there is no evidence before the court establishing that petitioner poses any risk of flight.

### E.     Release on Bond

As noted above, Appellate Rule 23 presumes release on bond, subject to the discretion of the court. The court believes, however, that consideration of petitioner's motion for release on bond is premature. The court's conditional writ allows the state 120 days from the date of final judgment to comply with the court's order. Consequently, the court has not yet directed that petitioner be released. During this 120-day period (which expires in late February 2009), petitioner should be maintained in custody, at least until the required state-court proceedings are concluded. If respondent refuses to abide by the conditional writ, the equities may appear different than they do now, and petitioner will be subject to possible enlargement in late February 2009. At that time, the court will consider a renewed motion for release on bond pending appeal. Despite the pendency of an appeal, this court will have continuing jurisdiction to consider questions, such as release on bond, that affect only the physical custody of petitioner. *See Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992).


Dated:   November 26, 2008            /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge